UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RACHEL DENNERT,** | : | **Civil No. 3:11-cv-01229-SRU** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **MEDTRONIC, INC; MEDTRONIC** | : | |
| **DIABETES, a Division of** | : | |
| **MEDTRONIC, INC.;** | : | |
| **UNOMEDICAL DEVICES SA de CV** | : | |
| **and UNOMEDICAL A/S** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC MINIMED, INC., D/B/A/
MEDTRONIC DIABETES, A DIVISION OF MEDTRONIC, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
MEDTRONIC DEFENDANTS**

Pursuant to Fed. R. Civ. P. 33, Defendants Medtronic, Inc. and Medtronic MiniMed, Inc.

d/b/a Medtronic Diabetes, a Division of Medtronic, Inc. (hereinafter "Medtronic") submit the

following Responses and Objections to Plaintiff's First Set of Interrogatories:

**PRELIMINARY STATEMENT**

Medtronic's discovery is continuing, and at this early stage of the proceedings, it has not

completed its preparation for trial. Consequently, the Responses and Objections set forth herein

are based only upon the information, witnesses and documents presently available to and known

by Medtronic. Further, Medtronic's discovery, independent investigation, legal research, and

analysis may give rise to additional contentions, facts, documents, and testimony, and add new

meaning to the presently known contentions, facts, documents and testimony, as well as establish

entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, or variations from these Responses and Objections.

Medtronic expressly reserves the right to supplement these responses and/or to produce additional documents and to introduce such documents at trial if additional relevant information or documents come to its attention. Further, Medtronic reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made or more accurate information becomes available. By agreeing to produce information and/or documents in response to Plaintiff's discovery requests, Medtronic neither waives nor intends to waive any objection that it may have regarding the use of such information by any party, including, but not limited to privilege or relevance.

## GENERAL OBJECTIONS

1.     Medtronic objects to Plaintiff's definitions of "you," "your," "defendants," and "manufacturing defendant" as overbroad and seeking documents and information not in Medtronic's control.

2.     Medtronic objects to Plaintiff's definition of "Pump" as overbroad and seeking information related to Medtronic's products other than the Model MMT-522 Paradigm Insulin Pump (Serial Number PAR347553H) used by the Plaintiff. Medtronic further objects to Plaintiff's definition of "Pump" as vague and ambiguous to the extent it seeks information related to the undefined "associated equipment and supplies."

3.     Medtronic objects to the Interrogatories and to the Definitions contained therein, to the extent they seek answers or documents that are not in the possession, custody, or control of Medtronic.

**EX. T**

4.      Medtronic objects to Plaintiff's use of definitions outside of the requirements of the Federal Rules of Civil Procedure including terms that would in essence expand the number of Interrogatories and require a response to a compound question in violation of the rules.

5.      Medtronic objects to the Interrogatories to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any applicable Order of the Court.

6.      Medtronic objects to the Interrogatories to the extent they are vague, overly broad, would require Medtronic to make an unreasonable investigation, and would subject Medtronic to unreasonable annoyance, embarrassment, oppression, burden and expense.

7.      Medtronic objects to the Interrogatories to the extent they seek information that is not relevant to the subject matter of the above-captioned action and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Medtronic objects to the Interrogatories to the extent they are not limited to any relevant time period.

9.      Medtronic objects to the Interrogatories to the extent they seek information related to events occurring outside of the United States.

10.     Medtronic objects to the Interrogatories to the extent they would require production of documents or information subject to the attorney-client privilege, work product protection (including, but not limited to, documents prepared in anticipation of litigation or for trial, by or for Medtronic, any of its attorneys or other representatives, and documents that would disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives of Medtronic concerning any matters at issue in the litigation) and/or any other applicable privilege or protection.  No such documents or information will be provided at any

3

EX. T

time, and any inadvertent provision thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product doctrine which may attach thereto. Medtronic reserves its rights to demand and obtain the return of any privileged document and all copies thereof.

11. Medtronic objects to the Interrogatories to the extent they seek information or documents that are equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive.

12. Medtronic objects to the Interrogatories to the extent they are duplicative, cumulative, and/or redundant of other discovery requests from Plaintiff directed to Medtronic.

13. To the extent the Interrogatories seek confidential, trade secret, research, proprietary, developmental and/or commercial information, Medtronic will produce such information or documents for use only in this proceeding and only subject to the Protective Order entered by the Court.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the full name, current and complete address, telephone number, position, capacity, and job title of each person who has assisted and/or participated in answering these interrogatories on behalf of answering defendant.

### RESPONSE TO INTERROGATORY NO. 1:

Medtronic objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks excessive detail because numerous people in multiple departments may have provided information responsive to these Interrogatories over a period of time. Subject to and without waiver of the foregoing objections, Medtronic states that these Interrogatories have

EX. T

been answered by Medtronic through their in-house legal staff and with assistance from outside counsel.

**REDACTED**

**EX. T**

REDACTED

EX. T

REDACTED

REDACTED

EX. T

REDACTED

**REDACTED**

**INTERROGATORY NO. 10:**

     Set forth whether the FDA or any foreign regulator has ever taken enforcement or other regulatory action against Medtronic, including the issuance of Warning Letters or other notice of deficiencies or violations of regulatory standards, which in any way related to the design, production, manufacture, quality control practices, adherence to Current Good Manufacturing Practices (CGMP) or other aspects of the design, manufacture or distribution of MiniMed series 5xx insulin pumps and specifically set forth the nature of the enforcement or other regulatory action taken, the date(s) of such enforcement or other regulatory action taken as well as the basis for such action and its disposition.

10

**RESPONSE TO INTERROGATORY NO. 10:**

      Medtronic objects to this Interrogatory because it is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence. Medtronic also objects that the Interrogatory is vague and ambiguous, because it uses various undefined terms, such as "foreign regulator," "enforcement or regulatory action," and "deficiencies." Medtronic also objects to this Request as unduly burdensome because it seeks materials equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive. Subject to and without waiver of the foregoing objection, Medtronic states that it has produced an unredacted copy of the September 19, 2013 Warning Letter and directs Plaintiff to the document bearing Bates Nos. MDT038744RD - MDT038770RD.

**INTERROGATORY NO. 11:**

      Set forth whether the FDA or any foreign regulatory body has ever determined that the MiniMed Series 5xx insulin pumps were "misbranded" or "adulterated" within the meaning of sections 351, 352 or 502 of the Food Drug & Cosmetics Act, 21 U.S.C. § 301, *et seq*. or comparable foreign law and specify the dates such determinations were communicated to Medtronic, the basis of each such determination and the disposition of that determination.

**RESPONSE TO INTERROGATORY NO. 11:**

      Medtronic objects to this Interrogatory because it is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence. Medtronic also objects that the Interrogatory is vague and ambiguous, because it uses various undefined terms, such as "foreign regulator," "enforcement or regulatory action," and "deficiencies." Medtronic also objects to this Request as unduly burdensome

11

**EX. T**

because it seeks materials equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive.  Medtronic further objects to this Interrogatory to the extent it is misleading and, as phrased, an improper characterization.  Medtronic also objects to this Interrogatory because it calls for a legal conclusion.

## INTERROGATORY NO. 12:

Set forth the date on which Medtronic first began distributing, selling or otherwise providing Paradigm Silhouette infusion sets and to patients for use with the MiniMed 5xx insulin pumps.

## RESPONSE TO INTERROGATORY NO. 12:

Medtronic objects to this Interrogatory because it seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action.  Subject to and without waiver of the foregoing objections, Medtronic states that the Paradigm Silhouette Infusion Sets received 510(k) clearance on August 29, 2000.

## INTERROGATORY NO. 13:

Identify the predicate device(s) for the Silhouette infusion sets and the date of 510(k) pre-market notice for the Silhouette sets.

## RESPONSE TO INTERROGATORY NO. 13:

Medtronic objects to this Interrogatory because it is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff' claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objections, Medtronic states that it does not own the 510(k) for the Silhouette Infusion Sets.  By way of further

EX. T

response, upon information and belief, Medtronic states that Unomedical Devices S.A. de C.V. and Unomedical A/S are the entities that own the 510(k) for Silhouette Infusion Sets.

**INTERROGATORY NO. 14:**

Set forth whether there have been any design or manufacturing changes for the Silhouette infusion sets since the date of 510(k) pre-market approval through June 2013 specifying what those changes were, the reasons for such changes and when they were implemented.

**RESPONSE TO INTERROGATORY NO. 14:**

Medtronic objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence. Medtronic also objects to the phrase "design or manufacturing changes" as vague and ambiguous because it is undefined and subject to multiple interpretations. Subject to and without waiver of the foregoing objections, Medtronic states that it does not own the 510(k), nor does it manufacture, design or assemble the Silhouette Infusion Set allegedly used by Ms. Dennert. Medtronic states, upon information and belief, that Unomedical Devices S.A. de C.V. and Unomedical A/S are the entities that manufacture the Silhouette Infusion Sets.

**INTERROGATORY NO. 15:**

Set forth whether any Silhouette lots or batches have ever been physically recalled or a notice issued to physicians and/or patients not to use certain lots or batches been issued specifying what the basis of each such recall was, how many devices were affected and what the nature of the problem was that led to recall.

**RESPONSE TO INTERROGATORY NO. 15:**

Medtronic objects to this Interrogatory because it is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of

admissible evidence.  Medtronic further objects to the Interrogatory because its use of the undefined term "physically recalled" is vague and ambiguous.  Medtronic also objects to this Request as unduly burdensome because it seeks materials equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiver of the foregoing objections, Medtronic directs Plaintiff to the FDA's website at http://www.fda.gov/medicaldevices/safety/listofrecalls/ucm360618.htm, which contains publicly available information regarding the FDA's June 7, 2013 Class I Recall based on Medtronic's voluntary Urgent Medical Device Safety Notification.  Medtronic states that the June 7, 2013 Class I recall did not "physically recall" any Silhouette Infusion Sets or direct "physicians and/or patients not to use certain lots or batches."  Medtronic also directs Plaintiff to responsive document bearing Bates Nos. MDT023887RD – MDT023897RD and MDT023898RD – MDT023899RD.  By way of further response, Medtronic states that it is not aware of other recalls of Silhouette Infusion Sets.  Medtronic also states that it does not manufacture, design or assemble the Silhouette Infusion Set.  Medtronic states, upon information and belief, that Unomedical Devices S.A. de C.V. and Unomedical A/S are the entities that manufacture the Silhouette Infusion Sets.

## INTERROGATORY NO. 16:

Set forth the date on which Medtronic first began distributing, selling or otherwise providing Paradigm reservoirs to patients for use with the MiniMed 5xx insulin pumps and/or Silhouette infusion sets.

## RESPONSE TO INTERROGATORY NO. 16:

Medtronic objects to this Interrogatory because it is overly broad, unduly burdensome, seeks information irrelevant to Plaintiff's claims and defenses as well as the subject matter of

this action, and is not likely to lead to the discovery of admissible evidence.  Subject to and

without waiver of the foregoing objections, Medtronic states that the Paradigm insulin reservoirs,

including the MMT-326A reservoirs, received 510(k) clearance on August 29, 2000.

**REDACTED**

**INTERROGATORY NO. 18:**

　　Set forth whether there have been any design or manufacturing changes for the Paradigm
reservoirs since the date of 510(k) pre-market approval through June 2013 specifying what those
changes were, the reasons for such changes and when they were implemented.

**RESPONSE TO INTERROGATORY NO. 18:**

　　Medtronic objects to this Interrogatory on grounds that it is overly broad, unduly

burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's

claims and defenses as well as the subject matter of this action, and is not likely to lead to the

discovery of admissible evidence.

15

**EX. T**

**INTERROGATORY NO. 19:**

Set forth whether any Paradigm reservoirs or comparable reservoirs approved for use or otherwise compatible with Silhouette infusion sets and/or MiniMed 5xx insulin pumps—including predicate devices--have ever been physically recalled or a notice issued to physicians and/or patients not to use certain lots or batches been issued specifying what the basis of each such recall was, how many devices were affected and what the nature of the problem was that led to recall.

**RESPONSE TO INTERROGATORY NO. 19:**

Medtronic objects to this Interrogatory because the Request is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence. Medtronic further objects to the Interrogatory because its use of the undefined term "physically recalled" is vague and ambiguous. Medtronic also objects to this Request as unduly burdensome because it seeks materials equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive.

**REDACTED**

**EX. T**

**REDACTED**

Dated:  September 12, 2014               Respectfully,


                                        By:   /s/ Jacqueline Gorbey
                                              Alan G. Schwartz (ct05891)

**EX. T**

WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400 (telephone)
(203) 782-2889 (facsimile)
aschwartz@wiggin.com

Thomas J. Sullivan (phv01356)
Jacqueline C. Gorbey (phv05846)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)

*Counsel for Defendants*
*Medtronic, Inc. and Medtronic MiniMed, Inc.*

EX. T

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September  2014, a copy of the foregoing

Responses and Objections to Plaintiff's First Set of Interrogatories and this Certificate of Service

were served via First Class Mail and E-Mail upon the below listed counsel for Plaintiff:

Kevin Haverty
Williams Cuker Berezofsky, LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
khaverty@wcblegal.com
*Attorney for Plaintiff*


_/s/ Jacqueline C. Gorbey_____
Jacqueline C. Gorbey

EX. T