# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **RACHEL DENNERT,** | : | **Civil No. 3:11-cv-01229-SRU** |
|  | : |  |
| **Plaintiff** | : |  |
|  | : |  |
| **vs.** | : |  |
|  | : |  |
| **MEDTRONIC, INC; MEDTRONIC** | : |  |
| **MINIMED, INC. D/B/A MEDTRONIC** |  |  |
| **DIABETES, a Division of** | : |  |
| **MEDTRONIC, INC. (improperly named as** | : |  |
| **Medtronic Diabetes);** |  |  |
| **UNOMEDICAL DEVICES SA de CV** | : |  |
| **and UNOMEDICAL A/S** | : |  |
|  | : |  |
| **Defendants** | : |  |
|  | : |  |

## DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC MINIMED INC., D/B/A/ MEDTRONIC DIABETES, A DIVISION OF MEDTRONIC, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Defendants Medtronic, Inc. and Medtronic MiniMed, Inc. ("Medtronic") submit the following Responses and Objections to Plaintiff's First Request for Production of Documents (the "Requests"):

## PRELIMINARY STATEMENT

Medtronic's discovery is continuing, and at this early stage of the proceedings, it has not completed its preparation for trial. Consequently, the Responses and Objections set forth herein are based only upon the information, witnesses and documents presently available to and known by Medtronic. Further, Medtronic's discovery, independent investigation, legal research, and analysis may give rise to additional contentions, facts, documents, and testimony, and add new

meaning to the presently known contentions, facts, documents and testimony, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, or variations from these Responses and Objections.

Medtronic expressly reserves the right to supplement these responses and/or to produce additional documents and to introduce such documents at trial if additional relevant information or documents come to its attention. Further, Medtronic reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made or more accurate information becomes available. By agreeing to produce information and/or documents in response to Plaintiff's discovery requests, Medtronic neither waives nor intends to waive any objection that it may have regarding the use of such information by any party, including, but not limited to privilege or relevance.

## GENERAL OBJECTIONS

(1)     Medtronic objects to the Requests to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any applicable Order of the Court.

(2)     Medtronic objects to the Requests to the extent they are vague, overly broad, would require Medtronic to make an unreasonable investigation, and would subject Medtronic to unreasonable annoyance, embarrassment, oppression, burden and expense.

(3)     Medtronic objects to the Requests to the extent they seek information that is not relevant to the subject matter of the above-captioned action and not reasonably calculated to lead to the discovery of admissible evidence.

(4)     Medtronic objects to the Requests to the extent they are not limited to any relevant time period.

(5)     Medtronic objects to Plaintiff's definition of "Defendant" as overbroad and seeking documents and information not in Medtronic's control.

(6)     Medtronic objects to the Requests to the extent they would require production of documents or information subject to the attorney-client privilege, work product protection (including, but not limited to, documents prepared in anticipation of litigation or for trial, by or for Medtronic, any of its attorneys or other representatives, and documents that would disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives of Medtronic concerning any matters at issue in the litigation) and/or any other applicable privilege or protection.  No such documents or information will be provided at any time, and any inadvertent provision thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product doctrine which may attach thereto.  Medtronic reserves its rights to demand and obtain the return of any privileged document and all copies thereof.

(7)     Medtronic objects to the Requests to the extent they seek information relating to Medtronic's products other than the Model MMT-522 Paradigm® Real-Time Insulin & Glucose Monitoring System (the "MMT-522 Paradigm Insulin Pump") (Serial Number PAR672484H) used by the Plaintiff.

(8)     Medtronic objects to the Requests to the extent they seek information relating to events that occurred outside of the United States.

EX. U

(9)    Medtronic objects to the Requests to the extent they seek information or documents that are equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive.

(10)    Medtronic objects to the Requests to the extent they are duplicative, cumulative, and/or redundant of other discovery requests from Plaintiff directed to Medtronic.

(11)    To the extent the Requests seek confidential, trade secret, research, proprietary, developmental and/or commercial information, Medtronic will produce such information or documents for use only in this proceeding and only subject to the Protective Order entered by the Court.

## RESPONSES TO REQUESTS

### REQUEST NO. 1:

An unredacted copy of the September 19, 2013 warning letter from the Department of Health and Human Services, Public Health Service, Food and Drug Administration to Ms. Catherin M. Szyman, Senior Vice President and President of Medtronic MiniMed. A redacted copy of this letter is attached hereto for reference.

### RESPONSE TO REQUEST NO. 1:

Medtronic objects to this Request to the extent it references an attachment because no documents were attached to Plaintiff's Requests for Production.  Subject to and without waiver of the foregoing objection, Medtronic states that it has produced an unredacted copy of the September 19, 2013 Warning Letter and directs Plaintiff to the document bearing Bates Nos. MDT038744RD - MDT038770RD.

**REDACTED**

4

**EX. U**

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

**REDACTED**

EX. U

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

REDACTED

EX. U

**REDACTED**

EX. U

REDACTED

EX. U

REDACTED

EX. U

**REQUEST NO. 10:**

Any and all documents related to reports of adverse events associated with and/or suspected to be or determined to be caused by defects and/or malfunctions and/or mis-functions or other functional or non-functional problems with Paradigm Silhouette insulin infusion sets or other comparable or similar insulin infusions sets approved for use or intended for use with the MiniMed 5xx series insulin pump, regardless of whether or not they involved an injury and/or hospitalization.

**RESPONSE TO REQUESTS NO. 10:**

Medtronic objects to this Request because the Request is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence.  Medtronic also objects to this Request as vague and ambiguous because the terms "malfunctions and/or mis-functions or other functional or non-functional problems" are undefined and subject to multiple interpretations.   Furthermore, Medtronic objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege or immunity.  Medtronic further objects to this Request on the grounds that it seeks confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician-patient privilege and/or federal or state statutory and regulatory law, including, without limitation, HIPAA, 45 C.F.R. § 164.500, *et seq*. Medtronic also objects to this Request to the extent that the information and documents sought are or may be protected from discovery pursuant to 21 C.F.R. § 20.63(f), which prohibits a manufacturer from disclosing identifying information regarding reports or other persons associated with an adverse event report, and 21 U.S.C. § 360i(b)(3), which provides that device user reports shall not be admissible into evidence or otherwise used in any civil action involving private parties. *See In re Medtronic*, 184 F.3d 807 (8th Cir. 1999); *see also* 60 Fed. Reg. 16962,

16966, 16968 (Apr. 3, 1995); 59 Fed. Reg. 3944, 3946 (1994) (citing 21 C.F.R. 20.111);

*Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 565 (7th Cir. 1984); *Farnsworth v.*

*Procter & Gamble Co.*, 758 F.2d 1545, 1546 (11th Cir. 1985); *In re Eli Lilly & Co. Prozac Prod.*

*Liab. Litig.*, 142 F.R.D. 454 (S.D. Ind. 1992). Further, the federal regulations specifically

provide that any state laws to the contrary are preempted by these federal regulations. *See* 21

C.F.R. 20.63(f)(2). Medtronic also objects to this Request as unduly burdensome because it

seeks materials equally available to Plaintiff through public sources, third parties, or other

sources that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiver of the foregoing objections, Medtronic states that it does

not own the 510(k), nor does it manufacture, design or assemble the Silhouette Infusion Set.

Medtronic states that it designed only one component of the Silhouette Infusion Set – the tubing

connector. Medtronic states that it does not make Medical Device Reports to the FDA

concerning the Silhouette Infusion Sets. Medtronic further states that information concerning

Medtronic's Medical Device Reports to the FDA is publicly available in the FDA's

Manufacturer and User Facility Device Experience ("MAUDE") database at

http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfMAUDE/search.CFM.

**REQUEST NO. 11:**

Any and all documents related to all reports of adverse events associated with and/or
suspected to be or determined to be caused by defects and/or malfunctions and/or mis-functions
or other functional or non-functional problems with Paradigm reservoirs or other comparable of
similar reservoirs approved for use or intended for use with the MiniMed 5xx series insulin
pump, regardless of whether or not they involved an injury and/or hospitalization.

**RESPONSE TO REQUEST NO. 11:**

Medtronic objects to this Request because the Request is overly broad, unduly

burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's

claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence.  Medtronic also objects to this Request as vague and ambiguous because the terms "malfunctions and/or mis-functions or other functional or non-functional problems" are undefined and subject to multiple interpretations.  Furthermore, Medtronic objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege or immunity.  Medtronic further objects to this Request on the grounds that it seeks confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician-patient privilege and/or federal or state statutory and regulatory law, including, without limitation, HIPAA, 45 C.F.R. § 164.500, *et seq*. Medtronic also objects to this Request to the extent that the information and documents sought are or may be protected from discovery pursuant to 21 C.F.R. § 20.63(f), which prohibits a manufacturer from disclosing identifying information regarding reports or other persons associated with an adverse event report, and 21 U.S.C. § 360i(b)(3), which provides that device user reports shall not be admissible into evidence or otherwise used in any civil action involving private parties.  *See In re Medtronic*, 184 F.3d 807 (8th Cir. 1999); *see also* 60 Fed. Reg. 16962, 16966, 16968 (Apr. 3, 1995); 59 Fed. Reg. 3944, 3946 (1994) (citing 21 C.F.R. 20.111); *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 565 (7th Cir. 1984); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546 (11th Cir. 1985); *In re Eli Lilly & Co. Prozac Prod. Liab. Litig.*, 142 F.R.D. 454 (S.D. Ind. 1992).  Further, the federal regulations specifically provide that any state laws to the contrary are preempted by these federal regulations.  *See* 21 C.F.R. 20.63(f)(2).  Medtronic also objects to this Request as unduly burdensome because it

**EX. U**

seeks materials equally available to Plaintiff through public sources, third parties, or other sources that are more convenient, less burdensome, and/or less expensive.

Subject to and without waiver of the foregoing objections, Medtronic states that information concerning Medtronic's Medical Device Reports to the FDA is publicly available in the FDA's Manufacturer and User Facility Device Experience ("MAUDE") database at http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfMAUDE/search.CFM.

**REDACTED**

REDACTED

EX. U

REDACTED

EX. U

**REQUEST NO. 17:**

Any and all documents related to communications between Medtronic, Inc. and/or Medtronic MiniMed and Unomedical Devices SA de CV and/or Unomedical A/S or other Unomedical entity regarding insulin infusion sets manufactured by Unomedical including, but not limited to, all communications pertaining to the July 2009 Class I recall involving Quick Set infusion sets and the June 2013 Class I recall involving Paradigm Silhouette infusion sets.

**RESPONSE TO REQUEST NO. 17:**

Medtronic objects to this Request because the Request is overly broad, unduly

burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's

claims and defenses as well as the subject matter of this action, and is not likely to lead to the

discovery of admissible evidence.  Medtronic also objects specifically to the Request for "any

and all documents related to communications" because it is overly broad and unduly

burdensome.  Medtronic also objects to the request for information pertaining to the July 2009

recall of Quick-Set Infusion Sets because there are no allegations in the Complaint that Plaintiff

used any infusion sets other than the MMT-381 and MMT-382 Silhouette Infusion Sets

referenced in the operative Complaint, and, in particular, there are no allegations that Plaintiff

used Quick-Set Infusion Sets.  Medtronic further objects to this Request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the attorney work-product

privilege, or any other applicable privilege or immunity.

Subject to and without waiver of the foregoing objections, Medtronic will produce

responsive, non-privileged documents sufficient to show communications between Medtronic

and Unomedical pertaining to the June 2013 Class I recall involving Silhouette Infusion Sets in

its possession, if any, subject to the Protective Order entered by the Court.

REDACTED

EX. U

REDACTED

EX. U

**REDACTED**

**REQUEST NO. 21:**

Any and all communications, of whatever kind or nature and in whatever form, between Medtronic and the FDA regarding adverse events and/or other safety issues related to Medtronic's MiniMed insulin pumps and/or its continuous glucose monitoring system and/or its/their component parts or related equipment.

**RESPONSE TO REQUEST NO. 21:**

Medtronic objects to this Request because Plaintiff's request for information relating to

all MiniMed insulin pumps, the continuous glucose monitoring system, and all "adverse events"

or other undefined "safety issues" is overly broad, unduly burdensome, not reasonably limited in

time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject

matter of this action, and is not likely to lead to the discovery of admissible evidence. Medtronic

**EX. U**

further objects to this Request on the grounds that it seeks confidential information regarding

persons who are not parties to this action and/or that is protected from disclosure pursuant to the

physician-patient privilege and/or federal or state statutory and regulatory law, including,

without limitation, HIPAA, 45 C.F.R. § 164.500, *et seq*.  Medtronic also objects to this Request

to the extent that the information and documents sought are or may be protected from discovery

pursuant to 21 C.F.R. § 20.63(f), which prohibits a manufacturer from disclosing identifying

information regarding reports or other persons associated with an adverse event report, and 21

U.S.C. § 360i(b)(3), which provides that device user reports shall not be admissible into evidence

or otherwise used in any civil action involving private parties.  *See In re Medtronic*, 184 F.3d

807 (8th Cir. 1999); *see also* 60 Fed. Reg. 16962, 16966, 16968 (Apr. 3, 1995); 59 Fed. Reg.

3944, 3946 (1994) (citing 21 C.F.R. 20.111); *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d

556, 565 (7th Cir. 1984); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546 (11th Cir.

1985); *In re Eli Lilly & Co. Prozac Prod. Liab. Litig.*, 142 F.R.D. 454 (S.D. Ind. 1992).  Further,

the federal regulations specifically provide that any state laws to the contrary are preempted by

these federal regulations.  *See* 21 C.F.R. 20.63(f)(2).  Medtronic also objects to this Request as

unduly burdensome because it seeks materials equally available to Plaintiff through public

sources, third parties, or other sources that are more convenient, less burdensome, and/or less

expensive.

Subject to and without waiver of the foregoing objections, Medtronic states that

information concerning Medtronic's Medical Device Reports to the FDA is publicly available in

the FDA's Manufacturer and User Facility Device Experience ("MAUDE") database at

http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfMAUDE/search.CFM.

**EX. U**

**REQUEST NO. 22:**

Any and all documents related to the supplemental PMA submitted to the FDA for integrating the continuous glucose monitoring system with the MiniMed insulin pump.

**RESPONSE TO REQUEST NO. 22:**

Medtronic objects to this Request as vague and confusing as worded.  Medtronic also objects to this Request because Plaintiff's request for "any and all documents related to the supplemental PMA" is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence.  Medtronic further objects to this Request because it seeks the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privileges or doctrines, and/or because it would result in disclosure of Medtronic counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, and/or legal research or legal theories concerning the above-captioned actions.

Subject to and without waiver of the foregoing objections, Medtronic states that is has produced the PMA materials submitted to the FDA for the approval of the MMT-522 Paradigm Insulin Pump and directs Plaintiff to responsive documents bearing Bates Nos. MDT001986RD – MDT006427RD.

**REDACTED**

REDACTED

EX. U

**REDACTED**

EX. U

REDACTED

EX. U

REDACTED

EX. U

**REQUESTS NO. 28:**

Any and all documents evidencing studies conducted and/or commissioned and/or funded by, in whole or in part, Medtronic or Medtronic MiniMed relating to the design and/or manufacturer and/or safety of insulin infusion sets and/or reservoirs intended for use with insulin infusion pumps.

**RESPONSE TO REQUESTS NO. 28:**

Medtronic objects to this Request because the Request is overly broad, unduly burdensome, not reasonably limited in time or scope, seeks material irrelevant to Plaintiff's claims and defenses as well as the subject matter of this action, and is not likely to lead to the discovery of admissible evidence. Medtronic also objects to this Request to the extent it seeks documents regarding devices other than the MMT-381 and MMT-382 Silhouette Infusion Sets, and MMT-326A Paradigm Insulin Reservoirs allegedly used by Plaintiff at the time of the subject incident.

Subject to and without waiver of the foregoing objections, Medtronic states that it does not own the 510(k), nor does it manufacture, design or assemble the Silhouette Infusion Set allegedly used by Ms. Dennert. Medtronic states that it designed only one of the components of the Silhouette Infusion Set – the tubing connector. Medtronic states, upon information and belief, that Unomedical Devices S.A. de C.V. and Unomedical A/S are the entities that manufacture the Silhouette Infusion Sets. By way of further response, Medtronic will produce the 510(k) submission for the Paradigm Model MMT-326 reservoirs.

**EX. U**

Dated:  September 12, 2014   Respectfully,

           By: */s/ Jacqueline Gorbey*
              Alan G. Schwartz (ct05891)
              WIGGIN AND DANA LLP
              One Century Tower
              P.O. Box 1832
              New Haven, CT 06508-1832
              (203) 498-4400 (telephone)
              (203) 782-2889 (facsimile)
              aschwartz@wiggin.com

              Thomas J. Sullivan (phv01356)
              Jacqueline C. Gorbey (phv05846)
              MORGAN, LEWIS & BOCKIUS LLP
              1701 Market Street
              Philadelphia, PA 19103
              (215) 963-5000 (telephone)
              (215) 963-5001 (facsimile)

              *Counsel for Defendants*
              *Medtronic, Inc. and Medtronic MiniMed, Inc.*

**EX. U**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of September  2014, a copy of the foregoing

Responses and Objections to Plaintiff's First Set of Interrogatories and this Certificate of Service

were served via First Class Mail and E-Mail upon the below listed counsel for Plaintiff:

Kevin Haverty
Williams Cuker Berezofsky, LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
khaverty@wcblegal.com
*Attorney for Plaintiff*

   */s/ Jacqueline C. Gorbey*
Jacqueline C. Gorbey

**EX. U**