UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RACHEL DENNERT, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:11-CV-01229 (SRU) |
| | : | |
| vs. | : | |
| | : | |
| MEDTRONIC, INC.; MEDTRONIC | : | |
| MINIMED, INC. D/B/A/ MEDTRONIC | : | |
| DIABETES, a Division of MEDTRONIC, | : | |
| INC. (improperly named as MEDTRONIC | : | |
| DIABETES); UNOMEDICAL DEVICES | : | |
| SA de CV and UNOMEDICAL A/S, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## PLAINTIFF'S RESPONSES TO MEDTRONIC'S FIRST
## SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendants Medtronic, Inc. and

Medtronic MiniMed, Inc. ("Medtronic"), by and through their undersigned  counsel, hereby

request that Plaintiff serve written responses to the following interrogatories within thirty (30)

days of the date hereof.

## <u>DEFINITIONS</u>

The following definitions shall apply to these Interrogatories and Requests:

1.      "Plaintiff" or "you" shall mean Plaintiff Rachel Dennert.

2.      "Medtronic" shall mean Defendants Medtronic, Inc. and Medtronic MiniMed,

Inc., any and all affiliated, predecessor or successor corporations or entities, as well as any or all

past or present officers, directors, shareholders, employees, agents, attorneys or other

representatives, and all third persons retained by or acting on behalf of any of the above.

3.      "Paradigm 522 Pump" shall mean the Medtronic MiniMed Paradigm Model MMT-522 Insulin Pump, Serial Number PAR672484H.

4.      "Health Care Provider" means any person or entity who provides health care, including but not limited to physicians, nurses, hospitals, ambulance services, endocrinologists, as well as any or all past or present officers, directors, shareholders, employees, agents, attorneys or other representatives, and all third persons retained by or acting on behalf of any of the above.

5.      "Communicate" and "communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or face-to-face, by telephone, telecopier, facsimile, letter, mail, email, computer communication, memoranda, personal delivery or otherwise.

6.      "Meeting" shall mean and include any assembly, convocation, conference (in person or by telephone), encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged, or scheduled in advance, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

7.      "Identify" or "identity" when used in connection with a document, means to:

      a.      state the date of the document;

      b.      state each person who authored the document;

      c.      state each person who received the document;

      d.      state the type of document; and

      e.      summarize the substance of the document.

8.      "Identify" or "identity" when used in connection with a natural person means to state his or her:

      a.      full name and any aliases;

      b.     residence address and phone number;

      c.     business address and phone number;

      d.     employment, title and job description at the time of the event in question;
and

      e.     present or last known employment and job description.

9.     "Identify" or "identity" as used in connection with an artificial person such as a corporation, partnership or trust, means to state:

      a.     its full name;

      b.     all names under which it is known or operates;

      c.     the address of its principal office;

      d.     the address of its registered office; and

      e.     the state under whose laws it was organized.

10.     "Describe" when used in connection with a statement or other communication means to state:

      a.     the identity of the person(s) originating the statement or communication;

      b.     the identity of the person(s) to whom the statement or communication was made;

      c.     when and where the statement or communication was given;

      d.     the date the statement or communication was given;

      e.     whether the statement or communication was oral or in writing and if in writing, attach a copy;

f. if the statement or communication was oral, whether a recording was made, and if so, the nature of the recording and the identity of the person who has custody of it;

g. if the statement or communication was written, whether it was signed by the person making it;

h. if the statement or communication was oral, a detailed summary of its contents; and

i. the identity of any person who has custody of any such statements or communications that were reduced to writing or otherwise recorded.

11. "Concerning," "relate," or "relating to" shall mean referring to, pertaining to, describing, evidencing, constituting, mentioning, reflecting, containing, involving, discussing, responding to, supporting, opposing, being a draft, copy or summary of, in whole or in part.

12. "Social Media" shall mean and include online internet media including, but not limited to, sites such as Facebook, Twitter, MySpace, Second Life, eHarmony, Match, Twitter, Friendster, LinkedIn, Instagram, YouTube, Google+ and/or any other chat room or blogs that expedite conversations and allows readers/viewers/listeners to participate in the creation or development of the content and/or any other website on which Plaintiff has a public or private profile.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. The plural of any word shall include the singular and the singular shall include the plural.

## <u>INSTRUCTIONS</u>

1.      Medtronic's First Set of Interrogatories are considered to be continuing in nature. Supplemental responses and documents must be provided by Plaintiff upon obtaining information on the basis of which Plaintiff knows either that a response was incorrect when made or that the response, although correct when made, is no longer correct. Any amended or supplemental response or production shall be made within ten (10) days after Plaintiff obtains additional information requiring a supplemental or amended response or production.

2.      Each Interrogatory herein shall be construed independently, and none shall be viewed as limiting the scope of any other.  Please indicate where any portion of your response to an Interrogatory has been covered in your response to another Interrogatory and please specify the request numbers at issue.

3.      If you claim that any information responsive to any Interrogatory is lost or destroyed, please so state, and for each such piece of information identify and describe:

      a.      the identity and description of such information;

      b.      how the information was lost or destroyed; and

      c.      when the information was lost or destroyed.

4.      If you claim that any information, document, or thing responsive to any Interrogatory or Request is already in the possession of Medtronic, please identify the information and/or document or thing with sufficient specificity in order to allow Medtronic to locate it.

5.      Each Interrogatory extends to any information, documents or things in the possession, custody or control of any of the employees, agents, representatives, or attorneys of

Plaintiff (as defined above), including any of the attorneys or law firms that purport to represent Plaintiff in this law suit.

6.      Where an Interrogatory asks for documents to be identified, each and every non-identical copy of a document, whether different from the original because of indications of the recipient(s), handwritten notes, marks, attachments, marginalia, or any other reason, is a separate document that must be identified and/or produced.

7.      If you object to any portion of an Interrogatory on the grounds of privilege, answer the non-privileged portion of the Interrogatory by providing such non-privileged information as is responsive.

8.      If you object to any portion of an Interrogatory on any ground other than privilege, you should still provide information responsive to the remaining non-objectionable portion.

9.      Separately for each Interrogatory to which you object in whole or in part, describe in detail and itemize each basis of your objection.

10.     If you claim that any Interrogatory seeks information or the production of a document which is privileged, please so state, and for any such document produce a privilege log which states:

        a.      its date;

        b.      the privileged claimed;

        c.      each fact necessary to establish the applicability of any privilege claimed;

        d.      the identity of the person(s) who prepared the document;

        e.      the identity of all persons to whom the document was sent or who have

                otherwise seen the document or otherwise became aware of its contents;

f.      the length of the document; and

g.      the subject matter of the document.

11.      If the basis of an objection to any Interrogatory, or any portion thereof, is a statute, contract or other agreement, or any other purported obstacle to production that you claim is based in the law, please identify the basis of that purported obstacle with specificity.

12.      Where the basis of an objection to responding to an Interrogatory is that the response requires provision of legally protected confidential identifying information, please indicate this specifically, and state whether a non-identifying response can be provided and whether such information is capable of being redacted.

## **INTERROGATORIES**

**REDACTED**

**REDACTED**

**INTERROGATORY NO. 5**

Identify each and every alleged defect in the Paradigm 522 Pump that you claim in any way caused or contributed to your injury.

**RESPONSE:**

Objection.  Upon the advice of counsel, this question seeks expert opinion which I am not competent to render. Without waiving the objection, to be supplied through competent expert opinion and testimony upon completion of discovery.

**INTERROGATORY NO. 6**

Identify any and all alleged violations identified in the FDA's June 1, 2009 and September 13, 2013 Warning Letters referenced in the Complaint (¶¶ 28-31, 34-37) that you believe caused an alleged defect in the Paradigm 522 Pump and/or that you believe caused your injury.

**RESPONSE:**

Objection.  Upon the advice of counsel, this question seeks expert opinion which I am not competent to render. Without waiving the objection, to be supplied through competent expert opinion and testimony upon completion of discovery.

**REDACTED**

**INTERROGATORY  NO. 17**

Identify each and every social media account that you use or have used since August 8, 2009 through the present.

**RESPONSE:**

Facebook.

**INTERROGATORY NO. 18**

Identify all posts, comments, and/or messages on any social media account or any website that you made or are aware of relating to the subject matter of your Complaint and/or your medical condition.

**RESPONSE:**

I saw that in 2009, I wrote on my Facebook – "looking at pictures I have no memory of." Other that that, I have never posted anything on social media concerning my medical condition or the subject matter of this litigation.